IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 08-121 (RJL) |
| | ) | |
| TIMOTHY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, through undersigned counsel, moves to suppress any physical evidence obtained as well as any statements allegedly made by Mr. Williams in connection with the charges he currently faces.  Set forth below are the grounds for this motion.

**BACKGROUND**

Mr. Williams is charged in a single count indictment alleging possession of a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year.  The indictment charges that he possessed a weapon on March 19, 2008.  The discovery provided to date suggests that the weapon Mr. Williams is charged with possessing was obtained by the government following the execution of a search warrant at 1830 Maryland Avenue, NE, Apt. #3 Washington, D.C.  After obtaining judicial approval of the warrant, the officers waited one week to execute it.  On the same day the officer's executed the search warrant, the detectives allegedly obtained statements by Mr. Williams which they did not include in their application for a search warrant or present to the judge who had issued the search warrant.  Several weeks after

executing the search warrant, the government obtained an indictment and arrested Mr. Williams.

At that time, he allegedly made additional statements. The defendant hereby moves to suppress

both the physical evidence and the statements on the grounds that both were obtained unlawfully.

**ARGUMENT**

<u>**The Evidence Seized on or about March 20, 2008 Pursuant to a Search**</u>
<u>**Warrant Issued on March 13, 2008 Should Be Suppressed as the Warrant Is Not Valid.**</u>

The defendant moves to suppress the evidence obtained via the search on March

20, 2008, because the warrant issued was based upon insufficient indicia of probable cause as

outlined in the affidavit, relied on misrepresentation of facts, and neglected to present material

facts that negated probable cause.  The scope of the officer's search exceeded that which was

allowable under the warrant, and the information in the affidavit was so stale as to render any

reliance upon the good faith exception invalid.

The Fourth Amendment provides:

> ...and no Warrants shall issue, but upon probable cause, supported
> by oath or affirmation, and particularly describing the place to be
> searched, and the person or things to be seized.

The test for probable cause for the issuance of a search warrant is whether the facts

presented to the magistrate establish a "substantial probability" that the items sought will be found

at the location sought to be searched.  <u>Illinois v. Gates</u>, 462 U.S. 213, 103 S.Ct. 2317 (1983).

The Fourth Amendment provides, in part, that "[t]he right of the people to be

secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,

shall not be violated . . . .".  The Fourth Amendment's protection against unreasonable searches

and seizures has been construed to require probable cause for warrantless arrests and searches.

Henry v. United States, 361 U.S. 98 (1959).  Probable cause exists when, under the facts and

circumstances of the situation, a person of reasonable prudence would believe that a crime has

been committed or is being committed.  Beck v. Ohio, 379 U.S. 89 (1964).  As stated in Johnson

v. United States, 333 U.S. 10, 13-14 (1948):

> [t]he point of the Fourth Amendment . . . is not that it denies law
> enforcement the support of the usual inferences which reasonable
> men draw from evidence.  Its protection consists in requiring that
> those inferences be drawn by a neutral and detached magistrate
> instead of being judged by the officer engaged in the often
> competitive enterprise of ferreting out crime.

The Constitution requires that a search warrant be issued only after a showing of

probable cause.  The law allows police to interfere with an individual's right to be free from

search and seizure only when the infringement is deemed reasonable.  A warrant can only be

issued when "probable cause" is shown, based on reliable information of sufficient detail, that

criminal activity or evidence of criminal activity will be found in the place to be searched. This

requires that a nexus be shown between the place to be searched, the criminal activity and the

items sought.  The nexus requirement is important.  A search warrant is not only a document

authorizing a search, but also the instrument by which permissible bounds of a search are formally

limited. Police officers must limit their search to places reasonably likely to reveal the items listed

in the warrant. Without  reasonably particularized limitations the warrant provides no protection

against a generalized search, which is invalid.  The tainted fruit of the improper warrant must be

suppressed.

Search warrants may be issued only upon a judicial finding of probable cause.  The

Fourth Amendment requires that a warrant describe with particularity "the place to be searched

and the persons or things to be seized." This protection safeguards the individual's privacy

interest against "wide-ranging exploratory searches." Maryland v. Garrison, 480 U.S. 79, 84

(1987).

In this case, the warrant purports to allow the officers to search a residence

allegedly to look for evidence of a homicide that occurred nearly three years earlier. There is no

evidence presented that would allow a reasonable person to conclude that such evidence would

exist at the address searched nearly three years after the fact. Additionally, the affidavit does not

contain any averments of reliability on the part of the witness. Even under the "totality of

circumstances" test of Gates, the affidavit in this case fails to meet constitutional muster. Illinois

v. Gates, 462 U.S. at 230, 103 S.Ct. at 2328. Additionally, the affidavit contains false information

and leaves out critical information. As such, there was no probable cause. Franks v. Delaware,

438 U.S. 154, 98 S.Ct. 264, 57 L.Ed. 2d 667 (1978).

Evidence obtained pursuant to an improperly issued warrant will be excluded if the

officer's reliance on the warrant was not "objectively reasonable." United States v. Leon, 468

U.S. 897, 919-20 (1984); Massachusetts v. Sheppard, 468 U.S. 981, 990 (1984). The burden is on

the government to establish objective good faith. Leon, 468 U.S. at 924.

In Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984), the Court held the exclusionary rule

did not bar introduction of evidence obtained in reasonable reliance on a search warrant issued by

a neutral magistrate but later found to be invalid for lack of probable cause. However, defendant

submits that Leon does not stand as authority for resuscitation of the otherwise invalid search

warrant in this case.

The good faith exception in Leon does not apply (1) where the requesting officer

4

recklessly misleads the magistrate or (2) where the magistrate abandons his traditional role or (3) where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", cite omitted, or (4) where the warrant itself is so fatally deficient for, among other things, failing to particularize the things to be seized, that the officers cannot reasonably presume it to be valid.  468 U.S. at 923.

### Any Statements Allegedly Made by Mr. Williams Must be Suppressed as a Miranda Violation and as Having Been Made Involuntarily.

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation.  See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990).  A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444.  Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation."  Berkemer v. McCarty, 468 U.S. 420, 442 (1984).  "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."  Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted).

In this case, Mr. Williams made statements during the execution of the search warrant and after his arrest.  The government bears the burden of proofing that he was advised of his Miranda rights and knowingly and voluntarily waived them.

Even if a suspect is given a proper <u>Miranda</u> warning, a statement must still be suppressed if it is not given voluntarily.  The government bears the burden of proving that any statement made by a defendant was voluntary.  <u>See</u> <u>Lego v. Twomey</u>, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker."  <u>See</u>, <u>e.g.</u>, <u>Culombe v. Connecticut</u>, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation."  <u>See</u> <u>Mincey v. Arizona</u>, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily.  <u>Fikes v. Alabama</u>, 352 U.S. 191 (1957).  <u>See</u> <u>also</u> <u>Gallegos v. Colorado</u>, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); <u>Clewis v. Texas</u>, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear Mr. Williams' free will in relation to his capacity to resist those efforts.  <u>Davis v. North Carolina</u>, 384 U.S. 737 (1966); <u>Culombe v. Connecticut</u>, 367 U.S. 568, 607 (1961).  The Court must examine his "background, experience, and conduct,"  <u>North Carolina v. Butler</u>, 441 U.S. 369, 375 (1979), to determine whether his statement was the product of a rational intellect and a free will.  <u>Blackburn v. Alabama</u>, 361 U.S. 199, 208 (1980).  Here, the evidence at a hearing will show that any statement made by Mr. Williams was made involuntarily and thus must be suppressed under the Fifth Amendment.

## CONCLUSION

For the foregoing reasons, Mr. Williams requests that the Court suppress the physical

evidence obtained by the officers and any statements he allegedly made to law enforcement on

both occasions.  Mr. Williams further requests an evidentiary hearing on this motion.


Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER



_____"/s/"_____
Michelle Peterson
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Crim. No. 08-121 (RJL)** |
| | ) | |
| **TIMOTHY WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Upon consideration of defendant's motion to suppress physical evidence and statements,

it is hereby ORDERED that defendant's motion is granted.

DATE:  July    , 2008.                    _____

RICHARD J. LEON
UNITED STATES DISTRICT JUDGE