**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal Case No.  08-CR-121 (RJL)** |
| **TIMOTHY L. WILLIAMS** | : | |

## UNITED STATES' MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct, all of which is relevant to prove the defendant's knowledge, intent and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)").  In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

### Factual Summary

1.      The defendant is charged with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

2.      At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows.  On March 19, 2008, members of the Metropolitan Police Department for the District of Columbia responded to 1830 Maryland Ave., N.E., Apartment No. 3, to execute a search warrant in reference to a homicide investigation.  The defendant's parents are the sole residents of this apartment, although the defendant stays there from time to time.  When the police arrived, the defendant and his father were on the premises. The defendant was in the living room, on or near a sofa.  The defendant's father was in the sole

bedroom.  After the premises were secured, the officers conducted a search of the apartment.

Among other things, the police recovered mail matter with the defendant's name on it,

photographs of the defendant, and a loaded Taurus .45 caliber handgun.  The firearm was buried

inside of clothing inside of a laundry bag that was next to the sofa.  The laundry bag was filled

with recently laundered male clothing.  Before the police found the gun, the defendant

voluntarily traveled to the Violent Crimes Branch to be interviewed in relation to the homicide

investigation.  During the interview, he excused himself to purchase lunch at a local Subway

restaurant.  At that time, the defendant called the home and spoke to his father, whereupon he

learned that the police had recovered a gun.  After that call, the defendant did not return to the

voluntary interview with police.

      3.     The defendant was not arrested immediately.  The police and the government

conducted a further investigation, during which witnesses confirmed, inter alia, that the

defendant had been staying in the house, that the laundry bag and the clothing inside of it

belonged to him, and that none of the other residents of the house possessed a handgun.  The

defendant was subsequently indicted, and then arrested pursuant to a warrant on April 30, 2008.

He waived his rights and gave a videotaped statement to the police. The defendant reported that

the gun belonged to him, and that he had bought it six months earlier for approximately $400.00

to $500.00.  The defendant also said that he purchased the gun because he had recently been shot

multiple times, and he wanted to prevent the individuals who shot him from getting to his family.

The defendant has previously been convicted of at least five crimes punishable by imprisonment

for a term exceeding one year.  The recovered firearm had been shipped or transported from

another state into the District of Columbia.

2

**Argument**

4.      The government seeks to introduce evidence of four of the defendant's prior gun-

related convictions, pursuant to Rule 404(b).  Specifically, on March 21, 1995, the defendant

pled guilty in two separate cases, Case Nos. CT940823X and CT940824X, in the Circuit Court

for Prince George's County, Maryland.  In each case, the defendant was convicted of one count

of Robbery with a Deadly Weapon and one count of Use of Handgun in Commission of Felony

or Crime of Violence. The defendant committed the acts involved in both offenses in Prince

George's County on February 28, 1993.   In Case No. CT940823X, the defendant used a handgun

to steal a 1991 Ford Taurus automobile, and in Case No. CT940824X, the defendant used a

handgun to steal money.

5.      The very nature of the defendant's convictions establish that on February 28,

1993, the defendant not only possessed, but *used* a handgun at least two times, each time to

commit a robbery.[1]  Under Rule 404(b), the aforementioned convictions provide proof in this

case that the defendant's possession of a gun on March 19, 2008, was done knowingly and

intentionally, and was not the result of inadvertence, mistake, or accident.

6.      Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not

admissible to prove a defendant's character, but is admissible for any non-propensity purpose,

---

[1]/      At the time of the defendant's pleas in 1995, the crime of Use of Handgun in Commission
of Felony or Crime of Violence required the State to prove two elements: (1) that a felony or
crime of violence was committed; and (2) that a handgun was employed in its perpetration.  MD
CODE 1957, Art. 27, § 36, citing Coates v. Maryland, 436 F. Supp. 226 (D. Md. 1977).  The
term "crime of violence" then included Robbery with a Deadly Weapon.  MD CODE 1957, Art.
27, § 441.  "Use" required *more than* possession.  "Bare possession of a handgun in the
commission of a crime of violence is not the equivalent of use of a handgun in the commission of
a crime of violence."  MD CODE 1957, Art. 27, § 36B, citing Wynn v. State, 313 Md. 533, 546
A.2d 465 (1988).

including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie,

232 F.3d 923, 926, 930 (D.C. Cir. 2000).  Importantly, this rule is one of "inclusion rather than

exclusion."  Id. at 929.   As the Court of Appeals has noted en banc, while the first sentence of

the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of

other crimes evidence in but one circumstance – for the purpose of proving that a person's

actions conformed to his character.  United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir.

1998) (en banc) (Crowder II).  In short, Rule 404(b) bars "not evidence as such, but a theory of

admissibility."  Id. at 1202.  As the Court stated in United States v. Cassell, 292 F.3d 788, 795

(D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad

character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have

stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a

proper purpose so long as the evidence is not offered solely to prove character.'"  (citing United

States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original)

      7.     Such evidence is of course subject like all evidence to the strictures of Rule 403.

Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other

crimes evidence is relevant to an issue other than the defendant's character or propensity, and if

so, 2) whether the evidence is admissible under Rule 403 because its probative value is not

substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d

983, 987 (D.C. Cir. 1984).

      8.     As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the

admission of evidence in close cases" -- even when other crimes evidence is involved.  Moore,

732 F.2d at 989.  See Huddleston v. United States,  485 U.S. 681, 688-89 (1988) ("Congress was

4

not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was

with ensuring that restrictions would not be placed on the admission of such evidence").[2]

9.      In the instant case, the government must prove that the defendant knowingly

possessed the gun that was recovered from the laundry bag that was sitting next to the sofa where

the defendant was seen by police.  "Knowingly" means consciously, and not because of mistake,

inadvertence, or accident.  See Criminal Jury Instructions (the "Red Book"), Instruction 4.79(B).

Moreover, because this is a constructive possession case, the jury will be instructed that the

defendant must have had "the power and the intent at a given time to control the property," and

that "[m]ere presence near something or mere knowledge of its location is not enough to show

possession."  Red Book, Instruction 3.08(B).  Therefore, the government's burden of proving that

the defendant knowingly and intentionally exercised dominion and control over the gun, and his

lack of mistake or accident, is substantial.  Each of these elements is directly addressed by the

proffered evidence.

10.      "As the Supreme Court has noted, 404(b) evidence may be critical to the

establishment of the truth as to a disputed issue, especially when that issue involves the actor's

state of mind and the only means of ascertaining that mental state is by drawing inferences from

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

conduct." United States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing Huddleston, 485

U.S. at 685) (emphasis added in Clarke). Indeed, the Rule 404(b) evidence the government seeks

to admit at trial, i.e., prior possession to prove knowledge, intent and absence of mistake

regarding current possession, is precisely the same sort of other crimes evidence for which

admission at trial has been upheld in the past. For example, in Crowder II, 141 F.3d at 1202,

other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The

Court in Crowder II stated:

> A defendant's hands-on experience in the drug trade cannot alone
> prove that he possessed drugs on any given occasion. But it can
> show that he knew how to get drugs, what they looked like, where
> to sell them and so forth. Evidence of a defendant's experience in
> dealing drugs -- evidence that is, of his "bad acts" -- thus may be a
> "brick" in the "wall" of evidence needed to prove possession. See
> Fed.R.Evid. 401, advisory committee notes.

Id. at 1209 n. 5. The government seeks to do nothing more in the instant case – i.e., to show the

defendant's knowledge, intent and absence of mistake with respect to the gun he possessed. Id.

11. Numerous cases in this Circuit demonstrate that evidence of a prior or subsequent

possession of drugs or firearms is admissible as 404(b) evidence. See, e.g., United States v.

McCarson, 527 F.3d 170, 173-74 (D.C. Cir 2008) (upholding admission of the defendant's four

prior convictions for possession of a gun and distribution of crack cocaine pursuant to Rule

404(b), where defendant was charged with possession of a firearm and crack cocaine found in his

girlfriend's residence); Cassell, 292 F.3d at 795 (upholding admission of defendant's prior

conviction for gun possession under Rule 404(b) where defendant was charged with possession

of weapons found in his uncle's home). In United States v. Garner, 396 F.3d 438, 443 (D.C. Cir.

2005), the Court of Appeals reiterated that the admission of Rule 404(b) evidence is appropriate

where the charged offense is based on a theory of constructive possession, particularly, as in this case, "where the contraband is discovered in a place occupied by more than one person." (citing United States v. Jenkins, 981 F.2d 1283 (D.C. Cir. 1991)).

12.     The facts of Garner are worth some discussion.  There, the officers stopped a vehicle occupied by two individuals.  The officers approached the car and ordered its occupants to raise their hands.  The driver complied but Garner, the passenger, did not; rather, he sat staring straight ahead and smoking a cigarette, while he kept his left hand in his waistband.  Id. at 439. At one point, Garner was observed by one officer removing a large handgun from his waistband and placing it under the passenger seat.  Both defendants were removed from the vehicle and the car was subsequently searched.  Underneath the front passenger seat police found a semi-automatic handgun.  Id.  On the gun were found three latent fingerprints, only one of which was useful, and it was matched to the driver's fingerprint.  Id. at 439-440.   Notwithstanding, Garner, among other charges, was charged as a felon-in-possession of a firearm.

13.     Proceeding with the theory that a jury could have concluded that Garner constructively possessed the gun recovered under his seat, the government introduced evidence that Garner previously was found in the front passenger seat of a car with a handgun under his seat and a matching ammunition clip in his jacket.  Id. at 444.  In upholding the introduction of evidence concerning Garner's prior conviction for carrying a pistol without a license, the Court of Appeals reasoned that the testimony "made it more likely that Garner was in knowing possession of the loaded gun found beneath his seat[,] just as in Crowder II[,] evidence that the appellant had previously sold cocaine base made it more probable that he knowingly possessed and intended to distribute the cocaine base found in the brown paper bag he discarded while

running from police officers." Id., at 444 (citations omitted). See also Cassell, 292 F.3d at 796 (the fact that defendant previously possessed weapons "tends to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake") (citing United States v. Brown, 16 F.3d 423, 432 (D.C. Cir.)), cert. denied, 513 U.S. 900 (1994); Bowie, 232 F.3d at 930 (evidence that defendant "possessed and passed counterfeit notes on a prior occasion" relevant because "it decreased the likelihood that [he] accidentally or innocently possessed the counterfeit notes"). United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack), cert. denied, 522 U.S. 940 (1997); Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake), cert. denied, 507 U.S. 922 (1993); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); and United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

14.     Likewise, in the instant case, the gun was found in a laundry bag in a house whose two primary residents are the defendant's parents, not the defendant.  The defendant's father was at home at the time of the search warrant, and neither he nor the defendant were in actual, physical possession of the firearm.  Evidence of the defendant's prior convictions should be admitted, therefore, to prove that the defendant's possession was knowing and that he intended to exercise control over the weapon.  It was not simply the product of any mistake or accident.  Because the elements of the previous convictions bear such a close relationship to the offenses charged here, their admission will clearly demonstrate, among other things, the defendant's specific knowledge, intent and the absence of mistake or accident.  Any choice by the defendant not to contest knowledge and intent is irrelevant to the admissibility of such evidence.  McCarson, 527 F.3d at 173; Cassell, 292 F.3d at 794-95.

15.     In a constructive possession case such as this one, the defendant's prior convictions for gun-related offenses are highly probative of his knowing possession of the gun, his intent to exercise dominion and control over it, and his lack of mistake or accident in possessing it.  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully Submitted,

JEFFREY A. TAYLOR
Attorney of the United States in
and for the District of Columbia
Bar No. 498610

BY: _____/s/_____
EMILY A. MILLER
Assistant United States Attorney
Bar No. 462077
Federal Major Crimes Section
555 4th Street, N.W., Room 4237
Washington, DC 20530
(202) 514-7533
Emily.Miller2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal Case No.  08-CR-121 (RJL)** |
| **TIMOTHY L. WILLIAMS** | : | |

**ORDER**

Based upon the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b), and any oppositions thereto, for the reasons set forth in the government's motion, it is this _____ day of _____, 2008, hereby

**ORDERED** that, the government may introduce evidence of the defendant's prior convictions in its case-in-chief.

_____
RICHARD J. LEON
United States District Judge

11