UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Case No. 08-CR-121 (RJL) |
| TIMOTHY L. WILLIAMS | : |

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies the defendant and the Court of its intent to impeach the defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609. In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion:

**I. Background.**

1. The defendant is charged with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The case arises out of a search warrant executed by police at the home of the defendant's parents on March 19, 2008. The defendant was on or near the living room sofa when the officers arrived, and his father was in the bedroom. Detectives searched and found a .45 caliber pistol in a laundry bag that was next to the living room sofa. The defendant was arrested on April 30, 2008, after a Grand Jury returned an Indictment. He waived his rights and gave a videotaped statement to the police. The defendant reported that the gun was his, and that he bought it six months earlier for approximately $400.00 to $500.00. The defendant also

said that he purchased the gun because he had recently been shot multiple times, and he wanted to prevent the individuals who shot him multiple times from getting to his family.

    2. The defendant has been previously convicted of the following offenses:

        a.    the felony offense of Robbery with a Deadly Weapon in Case No. CT940823X, in the Circuit Court for Prince George's County, on March 21, 1995, for which he was sentenced to a period of incarceration of fifteen years, and released from custody on July 19, 2004;

        b.    the felony offense of Use of Handgun in Commission of Felony or Crime of Violence in Case No. CT940823X, in the Circuit Court for Prince George's County, on March 21, 1995, for which he was sentenced to a period of incarceration of five years (concurrent to his conviction for Robbery with a Deadly Weapon), and released from custody on July 19, 2004;

        c.    the felony offense of Robbery with a Deadly Weapon in Case No. CT940824X, in the Circuit Court for Prince George's County, on March 21, 1995, for which he was sentenced to a period of incarceration of fifteen years (concurrent to his sentences in Case No. CT940823X), and released from custody on July 19, 2004;

        d.    the felony offense of Use of Handgun in Commission of Felony or Crime of Violence in Case No. CT940824X, in the Circuit Court for Prince George's County, on March 21, 1995, for which he was sentenced to a period of incarceration of five years (concurrent to his conviction for Robbery with a Deadly Weapon and to his sentences in Case No. CT940823X), and released from custody on July 19, 2004;[1] and

---

[1] After researching Maryland Department of Corrections records, we were able to determine that the July 19, 2004, release date was linked to Case No. CT940823X. The Maryland Department of Corrections had no record of Case No. CT940824X. However, the judgment and conviction orders from both cases make it clear that the sentences in these cases are concurrent. It is thus evident that the defendant was released from custody in both cases on July 19, 2004.

    e.  the felony offense of Robbery in Case No. 1993FEL004737, in the Superior Court for the District of Columbia, on August 3, 1994, for which he was sentenced to a period of incarceration of five to fifteen years. It appears that he became eligible for parole in Case No. 1993FEL004737 on May 29, 1998, but that he was not released because Maryland had a lodged a detainer for him with respect to the convictions discussed above. On June 13, 1998, he was sent back to Maryland to finish serving time for the offenses described above. He was released from confinement in Maryland on July 19, 2004, at then began supervision in both jurisdictions. His District of Columbia parole was set to expire on May 9, 2008. However, as a result of his arrest in the instant case, a parole warrant issued on April 22, 2008, and that warrant is outstanding.

 Should the defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

 **II. Fed. R. Evid. 609(a)(1).**

 3. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Among others, the defendant has been convicted of two counts of Robbery with a Deadly Weapon, two counts of Use of Handgun in Commission of Felony or Crime of Violence, and one count of Robbery, and each conviction was punishable by more than one years' imprisonment. He was released from custody on each of those offenses within the last ten years. This Court should permit the use of these convictions to impeach the defendant because their probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

4. In Lipscomb, the D.C. Circuit Court of Appeals conducted an exhaustive review of the legislative history of Rule 609, noted that "Congress believed that all felonies have some probative value on the issue of credibility," and held that "all felony convictions are probative of credibility to some degree." 702 F.2d at 1062, 1068. The effect of prior convictions upon a juror's evaluation of witness testimony is well-documented. Such convictions are particularly probative where, as here, a defendant's credibility will be a central issue in the case should he choose to testify at trial. Id. at 1071. This is a constructive possession case where the defendant may either outright deny possession of the gun, or may seek to invoke the jurors' sympathies by claiming that he obtained the gun only to protect his family after having been shot numerous times. The defendant's prior convictions for Robbery with a Deadly Weapon, Use of Handgun in Commission of Felony or Crime of Violence, and Robbery, bear directly upon his credibility. In fact, in upholding the admission of the defendant's prior robbery conviction for purposes of impeachment, the D.C. Court of Appeals has specifically described robbery as a "serious crime," which involves theft and "shows conscious disregard for the rights of others," and which "reflects more strongly on credibility than, say, crimes of impulse, or simple narcotics or weapons possession." Id. at 1071.[2] The serious nature of the defendant's prior offenses are highly probative of his lack of respect for the law and his lack of

---

[2] The Court in Lipscomb went on to note that:

Other circuits have approved admission of prior robbery convictions based on similar rationales. See United States v. Grandmont, 680 F.2d 867, 872 n. 3 (1st Cir.1982) (robbery, as a theft offense "reflect[s] adversely upon credibility"); United States v. Halbert, 668 F.2d 489, 495 (10th Cir.) ("It is improbable that one who undertakes to rob a bank with a gun will prove to be a person of high character who is devoted to truth."), cert. denied, 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 453 (1982). But see United States v. Lipps, 659 F.2d 960, 962 (9th Cir.1981) (error to admit prior robbery conviction where defendant's credibility was not in issue).

Id. at 1071 n.78.

veracity, and are thus directly relevant to an examination of his credibility. The government is therefore entitled to challenge his credibility with his prior felony convictions. The probative value far outweighs any prejudice to the defendant, which can be cured by an appropriate cautionary instruction from the Court.

     5. The fact that the defendant is currently charged with a possessory weapons offense is no bar to impeaching him with prior offenses involving his use of weapons. "Where a prior similar conviction is used for impeachment purposes because the defendant's credibility and testimony are central to the case, the mere fact that the danger exists that the jury may consider one prior similar charge as evidence of the defendant's character, standing alone, does not warrant its exclusion." Charles E. Wagner, Federal Rules of Evidence Case Law Commentary 501 (1997). In this regard, the D.C. Circuit Court of Appeals has refused to apply a per se rule barring the admissibility, for impeachment purposes, of prior convictions which are similar to the underlying charge. United States v. Lewis, 626 F.2d 940 (D.C. Cir. 1980)(finding the fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, did not render the prior conviction inadmissible, and may have even _increased_ its probative value). Other courts routinely admit evidence of prior convictions -- including prior gun convictions in federal weapons cases -- even when the gravamen of those prior offenses are the subject of the case in which the prior convictions are admitted. E.g. United States v. Valencia, 61 F.3d 616, 619 (8th Cir. 1995) (permissible to impeach defendant with prior drug conviction in drug case); United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm); United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir. 1995) (similar crimes are not per se

inadmissible; proper to impeach with prior robbery conviction in robbery case where defendant's credibility was important); United States v. Causey, 9 F.3d 1341, 1344 (7th Cir. 1993) (permissible to allow impeachment with prior gun conviction in gun case where defendant's credibility was central); United States v. Ortiz, 553 F.2d 782, 784-85 (2d Cir. 1977) (no abuse of discretion where prior narcotics conviction used to impeach in drug case).

**III. Fed. R. Evid. 609(b).**

_____6.  Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, the defendant was released from custody on July 19, 2004, with respect to his four convictions in Maryland.[3] Further, although the defendant became eligible for parole in his District of Columbia Robbery case just slightly over ten years ago, a parole warrant issued for him in that case on April 22, 2008, as a result of his arrest in this case. That warrant is acting as a detainer, and he would be confined in that Robbery case but for the fact that he is already being held in the instant case. Accordingly, the Court should view the defendant as having been confined in the Robbery case as recently as his arrest in the instant case, which took place on April 30, 2008. In sum, all of the convictions may properly be used for impeachment.

---

[3]  Even assuming for the sake of argument that the defendant's two five-year sentences for Use of Handgun in Commission of Felony or Crime of Violence would have been completed in the first five years of incarceration in Case Nos. CT940823X and CT940824X, he still would not have been "released" with respect to those cases until the year 2000, which is well within the past ten years.

WHEREFORE, the government respectfully notifies the defendant and the Court of its intent to use the defendant's prior convictions for impeachment purposes.

Respectfully Submitted,

JEFFREY A. TAYLOR
Attorney of the United States in
and for the District of Columbia
Bar No. 498610

BY: _____/s/_____
EMILY A. MILLER
Assistant United States Attorney
Bar No. 462077
Federal Major Crimes Section
555 4th Street, N.W., Room 4237
Washington, DC 20530
(202) 514-7533
Emily.Miller2@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | **Criminal Case No. 08-CR-121 (RJL)** |
| **TIMOTHY L. WILLIAMS** : | |

**ORDER**

Based upon the government's motion to admit the defendant's prior convictions for impeachment purposes, and any oppositions thereto, for the reasons set forth in the government's motion, it is this _____ day of _____, 2008, hereby

**ORDERED** that, should the defendant chose to testify, the government may impeach him with his convictions set out in the government's motion.

_____
RICHARD J. LEON
United States District Judge