IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 08-121 (RJL) |
| ) | |
| TIMOTHY WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S MOTION TO LATE FILE HIS CONSOLIDATED OPPOSITION TO THE GOVERNMENT'S MOTIONS TO ADMIT EVIDENCE PURSUANT TO RULES 404b AND 609

Defendant, through undersigned counsel, hereby files this unopposed motion to late file his opposition to the government's motions to admit evidence pursuant to Rules 404b and 609. Because of the press of other business, counsel inadvertently missed the deadline for filing the opposition, but has now completed the opposition and is filing it with this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MICHELLE PETERSON
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 08-121 (RJL) |
| | ) |
| TIMOTHY WILLIAMS, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER**

It is this _____ day of July hereby ORDERED that the unopposed motion of the defendant to late file his opposition to the government's 404b and 609 motions is hereby GRANTED.

_____
THE HONORABLE RICHARD J. LEON
United States District Court Judge

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                   ) | |
|       Plaintiff,                   ) | |
|                                   ) | |
|   v.                               ) | Crim. No. 08-121 (RJL) |
|                                   ) | |
| TIMOTHY WILLIAMS,             ) | |
|                                   ) | |
|       Defendant.                ) | |
| _____) | |

**DEFENDANT'S CONSOLIDATED OPPOSITION TO THE GOVERNMENT'S
MOTIONS TO ADMIT EVIDENCE PURSUANT TO RULES 404b AND 609**

Defendant, through undersigned counsel, hereby files this opposition to the government's motions to admit evidence pursuant to Rules 404b and 609.

**BACKGROUND**

Mr. Williams is charged in a single count indictment alleging possession of a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year. The indictment charges that he possessed a weapon on March 19, 2008. The government seeks to admit evidence of five alleged prior felony offenses impeach Mr. Williams should he testify and four of the alleged prior offenses as 404b evidence even if he does not testify.

**ARGUMENT**

**THE EVIDENCE IS INADMISSIBLE UNDER RULE 609**

Rule 609 provides that evidence that a testifying defendant has been convicted of a crime punishable by more than a year in prison is admissible only if "the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused." While

the government seeks to admit evidence of Mr. William's alleged prior convictions under Rule 609 if he decides to testify, any probative value to such evidence is far outweighed by the prejudicial effect. Evidence that Mr. Williams was previously convicted of robbery and use of a handgun has at most only marginal probative value to his veracity.

First, the timeliness of the prior convictions weighs heavily against their admission. Each of the prior offenses occurred in 1994 or 1995 – approximately 14 years ago. Second, the nature of each of the prior offenses are wholly unrelated to whether a witness is telling the truth. The government has not alleged that there is anything about the nature of the charges that provides any indication that the defendant is more or less truthful than any other person other than the fact that he or she has been convicted of breaking a law. In fact, the government does not even attempt to suggest that there is anything inherently probative of truthfulness in his prior offenses other than that they were felony convictions. The government is left to argue that <u>any</u> felony conviction has some marginal probative value on the issue of credibility. That marginal probative value, however, is far outweighed by the prejudice the defendant will suffer, especially where, as here the nature of the offenses is extremely likley to influence the jury not on the question of whether Mr. Williams is a truthful person, but instead on whether he is a person who carries weapons. Evidence of Mr. Williams's alleged prior convictions therefore should not be admitted under Rule 609.

**THE EVIDENCE IS INADMISSIBLE UNDER RULE 404(b).**

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Under Rule 404(b), prior acts of the defendant are admissible only if they

are 1) relevant to an issue other than character, 2) necessary, and 3) reliable.  <u>United States v. Rawle</u>, 845 F.2d 1244, 1247 (4th Cir. 1988);  <u>United States v. Queen</u>, 132 F.3d 991, 995 (4th Cir. 1997).  Even when evidence meets these criteria, its probative value must still outweigh the danger that the evidence will produce unfair prejudice to the defendant.  <u>Rawle</u>, 845 F.2d at 1247; <u>Queen</u>, 132 F.3d at 995.  <u>See also</u> Fed. R. Evid. 403.

    **A.**     **The Other Acts Evidence Is Not Probative Of Any Material Issue Other Than Character**

In this case, the contested evidence is not necessary to prove any relevant material issue. With respect to each of the alleged incidents, the only purpose that evidence of those two alleged events can serve is to make Mr. Williams's character an issue.  Although the government claims it seeks admission of the circumstances surrounding these alleged events to prove intent, knowledge, and absence of mistake or accident, the government fails to adequately explain how evidence of the alleged prior conviction will satisfy any of these purposes.  With respect to intent and absence of mistake, the only circumstance in which the government could claim that this evidence may be admissible is if Mr. Williams presents any evidence which may open the door to such evidence.  For instance, if he were to testify that he is not familiar with guns or how one can obtain a gun, the government may be able to introduce evidence concerning his alleged prior conviction to rebut such claims.  But unless the defendant opens such doors, any evidence concerning the details of his alleged prior conviction is irrelevant to the charges in the indictment.

That true purpose of the evidence is to have the jury conclude that because Mr. Williams possessed guns on other occasions nearly 14 years ago, it is more likely that he possessed this gun. But using the evidence for this purpose — to establish that Mr. Williams is the kind of person

who possesses guns in order to show that he possessed a gun on March 19, 2008 — is precisely what Rule 404(b) prohibits.

The cases on which the government relies are very dissimilar to this case. For instance, in United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994), the government seized a firearm from a safe and charged the defendant under 18 U.S.C. § 924(c) with possessing a firearm during and in relation to a drug trafficking offense. Calling the question "difficult" and "a close call," the Court held that evidence that a firearm was found on Brown when he was arrested three months after the gun was found in the safe was admissible under Rule 404(b). Id. at 431-32. One major difference between Brown and Mr. Williams's case is that Brown was charged with a violation of 18 U.S.C. § 924(c), whereas Mr. Williams is being charged with a violation of 18 U.S.C. § 922(g)(1). The elements which the government must prove to sustain a conviction under 18 U.S.C. § 924(c) are very different from the elements relating to a charge of 18 U.S.C. § 922(g)(1). In a Section 924(c) prosecution, the government must show not only that the defendant possessed a firearm, but also that the firearm was possessed in connection with a drug trafficking offense. Therefore, the government has the burden of proving that the firearm was possessed for a particular purpose in Section 924(c) case, a burden which makes a defendant's intent and state of mind an issue. In a Section 922(g)(1) case like this one, by contrast, the government need only show that the defendant possessed a firearm. Evidence that Mr. Williams allegedly was involved with firearms on other occasions therefore simply is not relevant to the government's burden of proof in this Section 922(g)(1) case.

Evidence of Mr. Williams's alleged prior gun possession is also significantly more remote in time than in Brown. In Brown, the amount of time which elapsed between the recovery of the

firearm in the safe and the recovery of the firearm on the defendant was only three months. In Mr. Williams's case, however, the government seeks to admit 404(b) evidence of an arrest which occurred more than 14 years prior to the alleged conduct charged in the pending indictment. It is well established that evidence pursuant to Rule 404(b) is not admissible when "the unrelated bad act is 'tenuous and remote in time from the charges in the indictment.'" United States v. Hernandez, 975 F.2d 1035, 1039 (quoting United States v. Cole, 491 F.2d 1276, 1279 (4th Cir. 1974)).

In United States v. Mills, 29 F. 3d 545 (10th Cir. 1994), the court did not disapprove of the admission under Rule 404(b) of evidence relating to the defendant's possession of the same firearms in the same general location only six days prior to the charged firearms offense. In United States v. Brown, 961 F.2d 1039 (2nd Cir. 1992), it was held that the admission of 404(b) evidence relating to the possession of other firearms was proper when those firearms were possessed contemporaneously with the firearm with which the defendant was charged.

With respect to each of the alleged incidents, the government seeks to admit evidence of alleged conduct which is approximately 14 years old and does not involve the same firearm, the same general location or guns which were possessed contemporaneously. The evidence is extremely remote and tenuous. As such, this evidence is not relevant to any purpose except to make Mr. Williams's character an issue in the case. For this reason, evidence regarding Mr. Williams's prior alleged convictions are inadmissible under Rule 404(b).

    **B.**    **The Other Acts Evidence is Not Necessary.**

To be admissible, other acts evidence must also be necessary. "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential

part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997). Clearly, the other crimes evidence the government seeks to admit is not necessary to prove an essential element of the charged crime because it is not probative of any element relating to the charged offense. Additionally, because the evidence is completely unrelated to the instant case, it does not furnish any context of the crime alleged in the indictment.

**II.     THE OTHER ACTS EVIDENCE SHOULD BE EXCLUDED UNDER RULE 403.**

Even if admissible as 404(b) evidence, the other acts evidence the government seeks to introduce should be excluded under Rule 403. Under Rule 403, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Admission of the prior crimes evidence which the government proposes to introduce pursuant to Rule 404(b) is severely prejudicial. Such evidence will unfairly taint Mr. Williams's character, and, based on this tainted character alone, the jury will surely believe he is more likely to have committed the charged crime. Additionally, the potential that the jury will be mislead or confuse issues is substantial because the jury will have difficulty keeping the facts of each offense separate and not using the prior conduct as propensity evidence.

**CONCLUSION**

For the reasons described above, this Court should prohibit the government from introducing the "other crimes" evidence or 609 impeachment evidence it proposes to introduce.

>Respectfully submitted,
>
>A.J. KRAMER
>FEDERAL PUBLIC DEFENDER
>
>     /s/
>_____
>MICHELLE PETERSON
>Assistant Federal Public Defender
>625 Indiana Avenue, N.W., Ste 550
>Washington, D.C.  20004
>(202)  208-7500