UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Case No. 08-CR-121 (RJL) |
| TIMOTHY L. WILLIAMS | : |

GOVERNMENT'S NOTICE OF FILING

The United States of America, by its attorneys, hereby notifies the Court that it sent the attached letter regarding DNA testing to counsel for the defendant, Michelle Peterson, Esq., via facsimile on August 18, 2008, as the letter raises issues which the defendant may wish to address at the hearing scheduled for September 3, 2008.

Respectfully Submitted,

JEFFREY A. TAYLOR
Attorney of the United States in
and for the District of Columbia
Bar No. 498610

BY:  /s/
EMILY A. MILLER
Assistant United States Attorney
Bar No. 462077
Federal Major Crimes Section
555 4th Street, N.W., Room 4237
Washington, DC 20530
(202) 514-7533
Emily.Miller2@usdoj.gov



U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*

*555 Fourth St. N.W.*
*Washington, D.C.  20001*

August 18, 2008

By facsimile
Michelle M. Peterson, Esq.
Federal Public Defender
  For the District of Columbia
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004-2923

        Re:    United States v. Timothy L. Williams
                  Case No. 08-121 (RJL)

Dear Ms. Peterson:

      I am writing to memorialize a voice mail I left you on August 11, 2008, in which I indicated that I spoke with the DNA examiner at The Bode Technology Group, Ms. Erica Ames, and to inform you of the government's intentions with respect to DNA testing in this case.

      As I stated I the voice mail, Ms. Ames informed me that there is some DNA on the razor and shavings.  However, the amount is extremely low, and she does not believe she can create a DNA profile if she saves half of the extract for testing by the defense.  In other words, she needs to consume the entire amount of DNA extract to perform the most accurate and complete testing.  She is not certain she will even be able to generate a DNA profile using the entire sample.  I have not heard back from you, though I recall from our prior discussions that you are on leave for most of the month of August.

      I understand from our previous conversations that you object to the consumption of the entire sample.  Specifically, we had a conversation via email and telephone in late June of this year, in which I  requested your position with respect to consumption of the entire amount of DNA, should the lab state that consumption was required for accurate testing.  You indicated that you would strongly object to consumption, because you could not, in your view, challenge the results (notwithstanding your power to have your own expert review our expert's report, and your ability to cross-examine our expert).  I suggested that if this issue arose, as it now has, that we find a mutually agreeable independent lab to perform the testing.  You objected to this idea, and proposed

that the defense have its own expert observe the testing procedure at Bode. I explained to you that Bode would not permit an expert from another lab, or for that matter, any outsider, to be present for the actual testing.[1] In the end, we were unable to agree to a solution and waited to see whether Bode would require consumption.

It appears we have now reached an impasse. I am requesting that you agree to testing at Bode, or propose another mutually agreeable independent lab for testing, no later than our next hearing in this case, on September 3, 2008. If we cannot agree on a lab by that date, the government will ask Bode to complete its DNA testing, consuming the entire DNA extract, over the defense objection. In this regard, I am unaware of, and you have failed to cite, any legal authority for the proposition that the government must obtain the defendant's consent for the method of testing, particularly where it is unlikely the DNA examine will be able to generate a DNA profile without consuming the entire amount of DNA extract, and where the lab does not permit outsiders to observe the actual testing.

In terms of a trial date, please be advised that according to Ms. Ames, it will take approximately two weeks from the date she obtains authorization to complete the testing and prepare a report.

If you would like to speak to Ms. Ames about any of these issues yourself, feel free to call her at (703) 646-9810. I have already given her explicit permission to speak with you. As always, feel free to call me at (202) 514-7533.

Sincerely,

Emily A. Miller
Assistant United States Attorney

cc:     District Court file

---

[1] Ms. Ames cited several reasons for this policy: (1) to protect client confidences, as all of the analysts work in the same general area and there are private clients for whom they have sign confidentiality agreements; (2) to prevent exposure of their proprietary protocols; and (3) to maintain and ensure accurate chains of custody.